CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 29 2007

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**EDWARD A. JASPER,**
**Petitioner,**

**v.**

**CHIEF JUDGE W. C. FUGATE,**
**Respondent.**

**Civil Action No. 7:07-cv-00556**

**MEMORANDUM OPINION**

**By: Hon. Glen E. Conrad**
**United States District Judge**

Petitioner Edward A. Jasper, a Virginia inmate proceeding pro se, filed this action as a petition for writ of mandamus. Jasper, an inmate at Red Onion State Prison in Pound, Virginia, seeks the issuance of a writ of mandamus to compel a judge of the Wise County, Virginia Circuit Court to issue an order "for issuance of a subpoena duces tecum," which the circuit court has evidently declined to do.[1] For the following reasons, the court concludes that the petition must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

It is well-established that a writ of mandamus is considered a "drastic" remedy that is to be utilized only when the petitioner has made a showing that he has "no other adequate means" to attain the relief he desires, and that his right to that relief is "clear and indisputable." See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 402 (1976). Before a writ of mandamus may properly issue from a district court, a petitioner must establish the following: (1) the petitioner has a clear right to relief; (2) the respondent has a clear duty to act; and (3) there is no other adequate remedy available to the petitioner. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988); Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir.

---

[1] Although it is unclear, it appears that petitioner seeks to file a suit in the Wise Circuit Court, and he also wishes that Court to direct prison officials to provide financial documents to him.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

2002). Courts are extremely reluctant to grant a writ of mandamus. In re Ford Motor Co., 751 F.2d 274, 275 (8th Cir. 1984). Such a decision is largely a matter of discretion with the court addressing the application for the writ. Kerr, 426 U.S. at 403. And, of great significance here, federal courts have no general mandamus power to compel action by state officials or state courts. See MacGuire v. Henry, 1992 U.S.App. LEXIS 13613, *4 (4th Cir.1992); see also Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988). Therefore, petitioner is not entitled to mandamus relief from this court against the state court judge he is suing.[3]

Accordingly, the court will dismiss this action, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which the court may grant relief. An appropriate order will be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTER**: This 29th of November, 2007.

United States District Judge

[3] The court notes that even if Jasper's petition were construed as an action for injunctive relief, pursuant to 42 U.S.C. § 1983, it would still be subject to dismissal. The circuit court is not a "person" amenable to suit under § 1983, see Harris v. Champion, 51 F.3d 901, 906 (10th Cir.1995) (holding that a state court is not a "person" under § 1983 and citing cases from other circuits); Ferdinand v. Territorial Court of Virgin Islands, Dist. of St. Croix, 2006 WL 894890 (W.D. Va. 2006); Mazur v. Woodson, 2001 WL 34801550 (E.D. Va. 2001), and Judge Fugate is immune from suit under § 1983. The Supreme Court has held that judges are absolutely immune from damages liability for judicial acts that are not performed in "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357 (1978) (internal quotation marks omitted).